UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Judith Klosek and Linda Davenport, on
behalf of themselves and all others
similarly situated,

       Plaintiffs,

v.                                                      Civil No. 08-426 (JNE/JJG)
                                                      ORDER

The American Express Company,
Ameriprise Financial, Inc., and
Ameriprise Financial Services, Inc.,
f/k/a American Express Financial
Advisors, Inc.,

       Defendants.

This is a putative class action brought by Judith Klosek and Linda Davenport (collectively, Plaintiffs) against The American Express Company, Ameriprise Financial, Inc., and Ameriprise Financial Services, Inc. (collectively, Defendants). The case arises out of The American Express Company's decision in February 2005 to spin off its subsidiary, American Express Financial Advisors, and American Express Financial Advisors' subsequent adoption of the Ameriprise brand. Plaintiffs assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the Minnesota Franchise Act, and tortious interference with contract. Defendants moved to dismiss. In a Report and Recommendation dated June 3, 2008, the Honorable Jeanne J. Graham, United States Magistrate Judge, recommended that Defendants' motions to dismiss be granted. Plaintiffs objected, and Defendants responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the recommendation to dismiss this case.

Plaintiffs begin their objections by arguing that the magistrate judge fundamentally misunderstood their claims. They assert that the magistrate judge misconstrued their claims as

1

premised on an assertion that Defendants could never replace the American Express brand with another. Plaintiffs expressly disclaim this assertion: "To be clear: Plaintiffs do not dispute that American Express Financial Advisors . . . retained the right to substitute the American Express brand." Plaintiffs instead maintain that their claims are premised on the contention that any brand substitution required that the new brand be well-recognized.

The Court rejects Plaintiffs' assertion that the magistrate judge misunderstood Plaintiffs' claims. The magistrate judge repeatedly acknowledged Plaintiffs' contention that Ameriprise Financial Services breached its obligation to provide a well-recognized brand and ultimately concluded that the franchise agreements unambiguously indicate that Ameriprise Financial Services had no obligation to supply a well-recognized brand.

Plaintiffs next argue that the magistrate judge erred by ignoring the parties' definition of "System." According to Plaintiffs, the parties defined System to include a well-recognized brand. The Court disagrees. The definition of System that appears in the recitals to the franchise agreements is: "Through its time, skill, effort, and money, [American Express Financial Advisors] has developed a distinctive system that offers, through financial advisors, a variety of financial services to individuals and/or business owners (the **'System'**)." Although the recitals separately tout the System's "distinguishing characteristics," including a "well recognized brand," the distinguishing characteristics do not appear in the definition of System. In addition, the distinguishing characteristics "may be changed, improved, and further developed by [American Express Financial Advisors] from time to time."

A separate recital defining "Proprietary Marks" speaks to the System's identification: "The System is identified by trade names, service marks, trademarks, logos, emblems, and indicia of origin, including, the mark 'American Express,' (the **'Proprietary Marks'**)."

However, use of "American Express" is neither unconditional nor guaranteed. The operative provisions of the franchise agreements state that the "Independent Advisor will not be able to use the Proprietary Marks" if American Express Financial Advisors "is no longer authorized to use the Proprietary Marks"; that "Independent Advisor's use of the Proprietary Marks does not give Independent Advisor any ownership interest or other interest in or to the Proprietary Marks"; and that American Express Financial Advisors "reserves the right to substitute different proprietary marks for use in identifying the System and the businesses operating thereunder at [its] sole discretion." The Court agrees with the magistrate judge that there is no obligation to supply a well-recognized brand. Accordingly, the Court rejects Plaintiffs' assertion that the magistrate judge erred by ignoring the definition of System.

Plaintiffs contend that the magistrate judge's conclusion that the franchise agreements impose no obligation to supply a well-recognized brand ignores the purpose of the franchise agreements. "[T]he primary goal of contractual interpretation is to determine and enforce the intent of the parties. Where the parties express their intent in unambiguous words, those words are to be given their plain and ordinary meaning." *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn. 2003) (citation omitted). As noted above, the franchise agreements indicate that there is no obligation to provide a well-recognized brand. The Court therefore rejects Plaintiffs' contention that the magistrate judge ignored the purpose of the franchise agreements.

Plaintiffs next assert that the magistrate judge erred by ignoring an integration clause in the franchise agreements. Plaintiffs maintain that the integration clause makes the Uniform Franchise Offering Circular an express term of the parties' agreement. In the Uniform Franchise Offering Circular, Plaintiffs argue, System is defined to include a well-recognized brand. The

Court is not persuaded. The magistrate judge declined to rule on the issue of whether the provisions of the Uniform Franchise Offering Circular should be treated as operative terms because the provisions did not materially contradict the terms of the franchise agreements. As the magistrate judge noted, the Uniform Franchise Offering Circular is essentially the same as the franchise agreements with regard to identification of the System. Consequently, the conclusion that there is no obligation to provide a well-recognized brand remains without regard to whether the Uniform Franchise Offering Circular is integrated.

Plaintiffs contend that the magistrate judge erred in concluding that American Express Financial Advisors' reservation of discretion to substitute different marks did not produce an illusory contract. The magistrate judge stated that a party must have no obligations to perform for a contract to be illusory and that this rule did not apply because the franchise agreements imposed obligations on the parties to them. *See Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn. 1981) ("On these facts no contract exists because due to the bilateral power of termination neither party is committed to performance and the promises are, therefore, illusory."); *cf. Boat Dealers' Alliance, Inc. v. Outboard Marine Corp.*, 182 F.3d 619, 621 (8th Cir. 1999) ("[B]ecause both parties had the right to terminate the contract without cause during the first five years, but could only do so by giving required notice, the contract is not illusory."). The magistrate judge also observed that Plaintiffs sought to use the doctrine of illusory contract to void a single term of the franchise agreements. The magistrate judge discerned no case law to support Plaintiffs' position. Plaintiffs contend that the magistrate judge's conclusion is wrong, but offer no cases that use the doctrine of illusory contract to void a particular contractual term. A contractual grant of discretion to a party with regard to a particular term is ordinarily valid and effective: "When a contract term leaves a decision to the discretion of one party, that decision is

virtually unreviewable. *At most*, courts will step in when the party who would assume the role of sole arbiter is charged with fraud, bad faith, or a grossly mistaken exercise of judgment." *Brozo v. Oracle Corp.*, 324 F.3d 661, 667 (8th Cir. 2003) (internal quotation marks omitted); *see City of Marshall v. Heartland Consumers Power Dist.*, 384 F.3d 517, 519 (8th Cir. 2004); *Sterling Capital Advisors, Inc. v. Herzog*, 575 N.W.2d 121, 125-26 (Minn. Ct. App. 1998). Accordingly, the Court concludes that the magistrate judge did not err in deeming Plaintiffs' reliance on the doctrine of illusory contract misplaced.

Finally, Plaintiffs assert that the magistrate judge erred by concluding that Plaintiffs do not allege bad faith. They maintain that they clearly allege that American Express Financial Advisors exercised its discretion in bad faith. In their Amended Complaint, Plaintiffs do allege bad faith, but the allegation is made with regard to the decision to stop American Express Financial Advisors' use of the American Express brand. According to Plaintiffs, this decision was not made by American Express Financial Advisors. Instead, the decision was made for American Express Financial Advisors as part of The American Express Company's decision to "spin off" American Express Financial Advisors. There is no allegation that American Express Financial exercised its discretion in bad faith by selecting the Ameriprise brand. *See Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 822 n.2 (8th Cir. 2006); *Team Nursing Servs., Inc. v. Evangelical Lutheran Good Samaritan Soc'y*, 433 F.3d 637, 641-42 (8th Cir. 2006); *Brozo*, 324 F.3d at 667.

Having conducted a de novo review of the record, the Court overrules Plaintiffs' objections. For the reasons set forth above and those stated in the Report and Recommendation, the Court adopts the recommendation to dismiss this case. Therefore, IT IS ORDERED THAT:

1. Defendants' motions to dismiss [Docket Nos. 11, 13, 20, 21] are GRANTED.

2. To the extent Plaintiffs seek a declaratory judgment regarding the covenants not to compete in their franchise agreements, the case is DISMISSED WITHOUT PREJUDICE.

3. All other claims in Plaintiffs' Amended Complaint are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 26, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
